# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

| Fill in this information to identify your case: | | | | |
|---|---|---|---|---|
| Debtor 1 | **James** | **Michael** | **Rhaesa** | |
| | First Name | Middle Name | Last Name | |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name | ☐ Check if this is an amended plan. |
| Case number (If known) | **23-10171** | | | |

## Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.**

    (a) This plan:
    - ☑ contains nonstandard provisions. See paragraph 15 below.
    - ☐ does not contain nonstandard provisions.

    (b) This plan:
    - ☑ values the claim(s) that secures collateral. See paragraph 4(f) below.
    - ☐ does not value claim(s) that secures collateral.

    (c) This plan:
    - ☐ seeks to avoid a lien or security interest. See paragraph 8 below.
    - ☑ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of **$2,177.00** for the applicable commitment period of:

    ☐ 60 months: **or**

    ☑ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____ monthly on _____.)

    (b) The payments under paragraph 2(a) shall be paid:

    ☐ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☐ Debtor 1 ____% ☐ Debtor 2 ____%

    ☑ Direct to the Trustee for the following reason(s):
    ☑ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
    ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):

    (c) Additional Payments of **$0.00** (estimated amount) will be made on ____, ____ (anticipated date) from (source, including income tax refunds).

3. **Long-Term Debt Payments.**

    (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

| Debtor | James Michael Rhaesa | | Case number | 23-10171 |
|---|---|---|---|---|

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| Carrington Mortgage Services | 4083 Quinn Drive Evans, GA 30809 | Yes | Debtor | April 2023 | $1,238.00 |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| Carrington Mortgage Services | 4083 Quinn Drive Evans, GA 30809 | Yes | 30,000.00 | 0.00% |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

(a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

(b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**4,500.00**.

(c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

(d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

(e) **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Santander Consumer USA | 2022 Chevrolet Silverado | 46,517.00 | 7.00% | 200.00 |

(f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Lendmark Financial Ser | HVAC unit | 6,966.00 | 4.00% | 25.00 |
| Snap Finance | All Collateral, household goods | 1,000.00 | 4.00% | 20.00 |

(g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

☐ with interest at _____% per annum; or ☐ without interest:

**None**

GASB - Form 113 December 1, 2017

| Debtor | James Michael Rhaesa | Case number | 23-10171 |
|---|---|---|---|

(h)` **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **1.00**% dividend or a pro rata share of $**100.00**, whichever is greater.

5. **Executory Contracts.**
   (a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| -NONE- | | | | |

   (b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| -NONE- | |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; or ☐ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| -NONE- | |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| -NONE- | |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| -NONE- | | |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| **Chase Auto Finance** | **2013 Toyota Tacoma unknown miles Surrender in full satisfaction of the debt. Vehicle was repossessed more than 3 years ago.** | **Full Satisfaction of the Debt.** |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

GASB - Form 113 December 1, 2017

| | | | |
|---|---|---|---|
| Debtor | **James Michael Rhaesa** | Case number | **23-10171** |

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

• The Debtor is not seeking nor does this Plan provide for any discharge, in whole or in part, of his/her student loan obligations.
• The Debtor shall be allowed to seek enrollment in any applicable income-driven repayment ("IDR") plan with the U. S. Department of Education and/or other student loan servicers, guarantors, etc. (Collectively referred to hereafter as "Ed"), without disqualification due to his/her bankruptcy.
• Ed shall not be required to allow enrollment in any IDR unless the Debtor otherwise qualifies for such plan.
• The Debtor may, if necessary and desired, seek a consolidation of his/her student loans by separate motion and subject to subsequent court order.
• Upon determination by Ed of his/her qualification for enrollment in an IDR and calculation of any payment required under such by the Debtor, the Debtor shall, within 30 days, notify the Chapter 13 Trustee of the amount of such payment. At such time, the Trustee or the Debtor may, if necessary, file a Motion to Modify the Chapter 13 Plan to allow such direct payment of the student loan(s) and adjust the payment to other general unsecured claims as necessary to avoid any unfair discrimination.
• The Debtor shall re-enroll in the applicable IDR annually or as otherwise required and shall, within 30 days following a determination of his/her updated payment, notify the Chapter 13 Trustee of such payment. At such time, the Trustee or the Debtor may, if necessary, file a Motion to Modify the Chapter 13 plan to allow such direct payment of the student loan(s) and adjust the payment to other general unsecured claims as necessary to avoid any unfair discrimination.
• During the pendency of any application by the Debtor to consolidate his/her student loans, to enroll in an IDR, direct payment of her student loans under an IDR, or during the pendency of any default in payments of the student loans under an IDR, it shall not be a violation of the stay or other State or Federal Laws for Ed to send the Debtor normal monthly statements regarding payments due and any other communications including, without limitation, notices of late payments or delinquency. These communications may expressly include telephone calls and e-mails.
• In the event of any direct payments that are more than 30 days delinquent, the Debtor shall notify his/her attorney, who will in turn notify the Chapter 13 Trustee, and such parties will take appropriate action to rectify the delinquency.
• The Debtor's attorney may seek additional compensation by separate applications and court order for services provided in connection with the enrollment and performance under an IDR.
• Any current or future obligation to pay student loans, will be paid outside of the Chapter 13 Plan.

Paragraph 9 of this Chapter 13 Plan and Motion shall have no effect and the automatic stay shall remain in place as to the creditor listed in Paragraph 9, until the Chapter 13 Trustee receives proof that the security interest in the surrendered property was timely perfected by the creditor. Nothing contained in this paragraph shall serve to alter or enlarge the time required for the creditor to file its deficiency claim pursuant to Paragraph 9.

Provided there is no demand by the mortgage holder(s) for payment of pre-petition debt, the Debtor(s) shall not consider it to be a violation of the automatic stay for Debtor's (Debtors') mortgage holder(s) to send regular monthly mortgage account statements, coupon books, notice of payment and/or escrow changes or outher such notices as the mortgage holder(s) may send in the normal course of business with respect to any post-petition payments and/or obligations of the Debtor(s). Debtor(s) further request the mortgage holder(s) allow the Debtor(s) to pay all post-petition mortgage payments by check, electronic funds transfers (ETFs), telephonic payments, money orders, Western Union or any other manner acceptable to the mortgage holder(s).

By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.

Dated: **February 27, 2023**        **/s/ James Michael Rhaesa**
                                    **James Michael Rhaesa**
                                                                *Debtor 1*


                                    _____
                                                                *Debtor 2*

                                    **/s/ D. Clay Ward**
                                    **D. Clay Ward 736770**
                                                                *Attorney for the Debtor(s)*

GASB - Form 113 December 1, 2017

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

IN RE:                                       )
    James Michael Rhaesa,            )    CASE NO.: 23-10171
    Debtor.                                     )

### CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

I hereby certify that I have this day served upon the following parties a copy of the foregoing Chapter 13 plan by First Class Mail placing the same in United States Mail with proper postage affixed thereon to the following addresses:

**See matrix attached as Exhibit 1.**

I hereby certify that I have this day served a copy of the foregoing Chapter 13 plan upon the following corporations addressed to an Agent or Officer by First Class Mail placing the same in United States Mail with proper postage affixed thereon:

**VIA CERTIFIED MAIL**
**Carrington Mortgage Services**
**c/o Officer or Agent for Service**
**1600 South Douglass Rd. Stes 110 & 200**
**Anaheim, CA 92806-5948**
**VIA CERTIFIED MAIL**
**Santander Consumer USA**
**c/o Officer or Agent for Service**
**PO Box 961245**
**Fort Worth, TX 76161-0244**

I hereby certify that I have this day served a copy of the foregoing Chapter 13 plan upon the following creditors in the manner proscribed by Rule 7004, as the Chapter 13 plan proposes to modify/alter/avoid their secured status pursuant to paragraph 4(f) or paragraph 8 of the plan:

**VIA CERTIFIED MAIL**
**Lendmark Financial Ser**
**c/o Officer or Agent for Service**
**270 Bobby Jones Expressway**
**Augusta, GA 30907-3085**
**VIA CERTIFIED MAIL**
**Snap Finance**
**c/o Officer or Agent for Service**
**1760 W. 2100 S #26561**
**Salt Lake City, UT 84199-9995**

I hereby certify that I have this day electronically served the following parties and counsel via CM/ECF:

**N/A**

This 8th day of March, 2023.

/s/ D. Clay Ward
D. Clay Ward
Ward and Spires, LLC
445 Walker Street
Augusta, GA 30901
706-724-2640

```
Label Matrix for local noticing          Aldridge Pite, LLP                      Avant/WebBank
113J-1                                    Six Piedmont Center                     222 North Lasalle Street
Case 23-10171-SDB                         3525 Piedmonth Road, NE, Suite 200      Suite 1600
Southern District of Georgia              Atlanta GA 30305-1578                   Chicago IL 60601-1112
Augusta
Wed Mar  8 10:36:22 EST 2023

Capital One                               Carrington Mortgage Services            (p)JPMORGAN CHASE BANK N A
Attn: Bankruptcy                          Attn: Bankruptcy                        BANKRUPTCY MAIL INTAKE TEAM
Po Box 30285                              1600 South Douglass Road, Stes 110 & 200 700 KANSAS LANE FLOOR 01
Salt Lake City UT 84130-0285              Anaheim CA 92806-5948                   MONROE LA 71203-4774


Comenity Bank/Victoria Secret             D. Clay Ward                            Internal Revenue Service
Attn: Bankruptcy                          Ward and Spires, LLC                    PO Box 7346
Po Box 182125                             PO Box 1493                             Philadelphia PA 19101-7346
Columbus OH 43218-2125                    Augusta, GA 30903-1493


James Michael Rhaesa                      Kohls/Capital One                       Huon Le
1083 Quinn Drive                          Attn: Credit Administrator              P.O. Box 2127
Evans GA 30809-4821                       Po Box 3043                             Augusta, GA 30903-2127
                                          Milwaukee WI 53201-3043


Lendmark Financial Ser                    Navient                                 Office of the U. S. Trustee
170 Bobby Jones Expressway                Attn: Bankruptcy                        33 Bull Street, Suite 400
Augusta GA 30907-3085                     Po Box 9500                             Savannah, GA 31401-3331
                                          Wilkes-Barre PA 18773-9500


Santander Consumer USA                    Snap Finance                            Synchrony Bank
Attn: Bankruptcy                          1760 W. 2100 S #26561                   c/o PRA Receivables Management, LLC
Po Box 961245                             Salt Lake City UT 84199-9995            PO Box 41021
Fort Worth TX 76161-0244                                                          Norfolk, VA 23541-1021


Synchrony Bank c/o PRA Receivables Managemen  Synchrony Bank/Care Credit          Synchrony Bank/Sams
PO Box 41021                              Attn:  Bankruptcy Dept                  Attn: Bnakruptcy
Norfolk, VA 23541-1021                    Po Box 965064                           Po Box 965060
                                          Orlando FL 32896-5064                   Orlando FL 32896-5060


(p)U S  ATTORNEY'S OFFICE                 Dempsey Clay Ward
PO BOX 8970                               Ward & Spires
SAVANNAH GA 31412-8970                    P O Box 1493
                                          Augusta, GA 30903-1493
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Chase Auto Finance                        United States Attorney
Attn: Bankruptcy                          P.O. Box 2017
Po Box 901076                             Augusta GA 30903
Fort Worth TX 76101
```

**EXHIBIT 1**

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
d)James Michael Rhaesa          End of Label Matrix
083 Quinn Drive                 Mailable recipients    22
vans, GA 30809-4821             Bypassed recipients     1
                                Total                  23
```

EXHIBIT 1